UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEWAYNE ANTWONE HILL,

    Plaintiff,

    v.                                            Case No. 24-cv-0523-scd

JUSTIN THOMSEN,

    Defendant.

---

## DECISION AND ORDER

---

Plaintiff DeWayne Hill, who is serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated. Hill is proceeding on an Eighth Amendment claim against Justin Thomsen based on allegations that he used excessive force against Hill during a cell extraction. This matter comes before the Court on Thomsen's motion for summary judgment. Dkt. No. 29. For the reasons explained below, Thomsen's motion will be granted and the case dismissed.

## BACKGROUND

At the relevant time, Hill was incarcerated at Waupun Correctional Institution, where Thomsen worked as a lieutenant. According to Hill, on January 8, 2024, he informed corrections staff that he was feeling suicidal. About forty minutes later, Thomsen arrived at his cell with an extraction team. Thomsen noted that Hill's cell window was covered. He directed Hill to come to his cell front so he could be placed in restraints and moved to observation status. Over the course of several minutes, Hill either ignored or refused Thomsen's many orders. Thomsen asserts that he saw a mattress on the floor in front of Hill's door and that Hill was standing in a boxer's

stance with strips of cloth wrapped around his hands.  Hill insists that Thomsen is lying and asserts that he was calmly standing in his cell.  Dkt. No. 1 at 2; Dkt. No. 40 at ¶¶1-2, 14-37, 48.

After Hill's persistent refusals to comply with Thomsen's orders, Thomsen sprayed a one-second burst of OC fogger into Hill's cell.  Hill still refused to comply with orders.  Thomsen then informed Hill he had an OC pepper ball launcher and that, although he did not want to use it, he would have to if Hill did not comply with orders.  Hill did not comply, so Thomsen shot several pepper balls into the upper back corner of the cell.  He also fired one shot at Hill's hand so Hill would drop the bedding he was holding.  Thomsen again asked Hill if he was ready to comply.  Hill did not respond.  Thomsen continued to direct Hill to come to the front of his cell to be restrained, and Hill continued to ignore and/or refuse the directions.  Thomsen then informed Hill he had a taser, and he performed a test arc as a show of force.  Hill was unmoved.  Dkt. No. 40 at ¶¶32-56.

After giving Hill numerous opportunities to peacefully exit his cell, Thomsen concluded that Hill was not going to comply with orders.  He instructed the extraction team to stack up and informed them that he had the taser ready.  Thomsen opened the door, and Hill immediately rushed at the first officer in the stack.  Hill explains that he was just trying to get out into the open so everyone could see what was going on.  Thomsen deployed the taser, but it was ineffective, possibly because of Hill's baggy clothing.  Hill continued to actively resist.  He explains that he was trying to grab Thomsen's taser.  Thomsen removed the used taser cartridge and threw it at Hill to distract him.  He then inserted a new cartridge and discharged the taser into Hill's lower abdomen and right inner thigh.  Hill finally stopped resisting, although he continued to strenuously voice his agitation with colorful language and threats.  Hill was restrained and escorted to a holding cell without further incident.  Dkt. No. 40 at ¶¶56-78.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Under the Eighth Amendment, correctional officers violate an inmate's constitutional rights "when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 F. App'x 378, 382 (7th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). "Whether a guard applies force in good faith to resolve a disturbance or, rather, maliciously with intent to cause harm, turns on factors including the threat reasonably perceived by the guard, the need for

and the amount of force used, and the injury suffered by the prisoner." *Boyd v. Pollard*, 621 F. App'x 352, 355 (7th Cir. 2015) (citing *Whitely v. Albers*, 475 U.S. 312, 320-21 (1986)).

The parties largely agree on how events unfolded, although there are some non-material disputes. For example, Hill disputes that he placed his mattress on his floor, wrapped his hands in cloth, and was aggressive towards officers. He states that he was scared because Thomsen was angry and he only wanted to protect himself. He does not explain why he ignored or refused the many opportunities Thomsen gave him to peacefully exit his cell.

In any event, the Court has the benefit of a video, which confirms that Thomsen used only the force necessary to restore order and maintain discipline. Indeed, the video shows that Thomsen was impressively patient and controlled in response to Hill's stubborn refusals to comply with his straightforward directions. Thomsen never raised his voice or showed any indication of frustration. For nearly ten minutes he calmly asked Hill to come to his cell front so he could be restrained and moved to observation status for his safety. Thomsen gave Hill plenty of notice of every action Thomsen intended to take before he took it. He told Hill about the OC fogger, the pepper ball launcher, and the taser. Hill had numerous opportunities to comply—he refused them all.

The video also shows that, when Hill's cell door was opened, he quickly rushed at the officers. A mattress is on the floor by the door, and as Hill wildly swings his arms, strips of cloth can be seen wrapped around his hands. The interaction continues just as Thomsen described. Hill vigorously resists until Thomsen successfully deploys the taser into Hill's stomach and thigh. Once Hill states that he is done and stops resisting, no additional force is used against him. Hill spews all sorts of threats and insults, but the officers stay focused on their jobs, efficiently and professionally restraining Hill and transporting him to the holding cell.

4

Case 2:24-cv-00523-SCD   Filed 08/27/25   Page 4 of 5   Document 44

The only reasonable conclusion a jury can draw from the video is that Thomsen and the other officers applied force in a good faith effort to secure Hill and restore order. Indeed, the video dispels any notion that Thomsen used excessive force. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on summary judgment."). Accordingly, Thomsen is entitled to summary judgment, and this case must be dismissed.

## CONCLUSION

For these reasons, Thomsen's motion for summary judgment (Dkt. No. 29) is **GRANTED** and this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Signed at Milwaukee, Wisconsin this 27th day of August, 2025.

Stephen C. Dries
United States Magistrate Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.